Brownstein Hyatt Farber Schreck, LLP
Eric Berg (State Bar No. 134621)
EBerg@bhfs.com
21 East Carrillo Street
Santa Barbara, CA 93101-2706
Telephone: 805.963.7000
Facsimile: 805.965.4333
E-mail: EBerg@bhfs.com

Brownstein Hyatt Farber Schreck, LLP
John V. McDermott (*Pro Hac Vice Pending*)
(Colorado State Bar No. 11854)
jmcdermott@bhfs.com
Karl L. Schock (*Pro Hac Vice Pending*)
(Colorado State Bar No. 38239)
kschock@bhfs.com
410 Seventeenth Street
Suite 2200
Denver, CO 80202-4432
Telephone: 303.223.1100
Facsimile: 303.223.1111

Attorneys for Plaintiff Yardi Systems, Inc.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
21 EAST CARRILLO STREET
SANTA BARBARA, CA 93101-2706

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

YARDI SYSTEMS, INC.,

Plaintiff,

v.

PROPERTY SOLUTIONS INTERNATIONAL INC.,

Defendant.

Case No. 2:13-cv-7764

**COMPLAINT FOR DAMAGES ARISING FROM:**

**1. COPYRIGHT INFRINGEMENT – 17 U.S.C. § 101 et seq.;**

**2. MISAPPROPRIATION OF TRADE SECRETS – CAL. CIV. CODE §§ 3426-3426.11; AND**

**3. INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**

**DEMAND FOR JURY TRIAL**

Plaintiff Yardi Systems, Inc. ("Yardi"), by and through its attorneys, Brownstein Hyatt Farber Schreck, hereby submits the following Complaint and Demand for Jury Trial against Defendant Property Solutions International Inc. ("Property Solutions") and alleges as follows:

## INTRODUCTION

1. This case stems from Property Solutions' exploitation of its relationship with Yardi's customers, and its improper and unauthorized access to and copying of Yardi's flagship, proprietary Voyager® software system.

2. Property Solutions has never had any right to copy, use, or access the Voyager software. When asked by Yardi on several occasions, Property Solutions repeatedly assured Yardi that it did not have a copy of the Voyager software, and that it had not misappropriated Yardi's trade secrets or violated Yardi's copyrights.

3. However, Yardi has confirmed that these representations were false. Property Solutions surreptitiously acquired and used a copy of the Voyager software in violation of Yardi's copyrights, sought to discover and exploit Yardi's proprietary trade secrets, and misled Yardi's customers about Property Solutions' right to use and access the Voyager software. In addition, Property Solutions lied to Yardi about working to develop a competing product, which, upon information and belief, was developed using Yardi's copyrighted and proprietary information.

4. When Yardi confronted Property Solutions about its behavior and its illegal and unauthorized copy of the Voyager software, Property Solutions effectively told Yardi to prove it. Before filing this lawsuit, Yardi provided that information – and the response from Property Solutions has been only silence.

5. Yardi brings this action in order to stop Property Solutions from wrongfully accessing, copying, using, and making derivative works of Yardi's copyrighted software and trade secrets, and to stop Property Solutions from benefiting from its illicit conduct in the development and sale of what Property Solutions proclaims to be a distinctive, competing property management software.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
21 EAST CARRILLO STREET
SANTA BARBARA, CA 93101-2706

## PARTIES

6. Yardi is a California corporation with its principal place of business at 430 South Fairview Avenue, Santa Barbara, California 93117.

7. Property Solutions is a Delaware corporation with its principal place of business at 2912 Executive Parkway, Suite 100, Lehi, Utah 84043.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because Yardi's first claim arises under the federal Copyright Act, 17 U.S.C. § 101 et seq. and because the action relates to copyrights.

9. This Court has supplemental subject matter jurisdiction over Yardi's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to Yardi's federal copyright claim as to form part of the same case or controversy.

10. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.

11. This Court has personal jurisdiction over Property Solutions because Yardi's claims arise out of Property Solutions' intentional torts aimed at a California resident, Property Solutions' activities purposefully directed toward California, and Property Solutions' purposeful availment of the privilege of conducting activities in California. Among other things, Property Solutions:

a. Willfully and intentionally infringed copyrights owned by Yardi, a corporation that Property Solutions knew to have its principal place of business in the Central District of California;

b. Misappropriated trade secret information that was developed and maintained by Yardi in the Central District of California;

c. Intentionally interfered with a contract between Yardi, a resident of the Central District of California, and a Yardi client also located in California;



BROWNSTEIN HYATT FARBER SCHRECK, LLP
21 EAST CARRILLO STREET
SANTA BARBARA, CA 93101-2706

d. Contacted a Yardi client located in California to request that the client disclose Yardi's copyrighted and trade secret information regarding Yardi's Voyager software, in violation of that client's license agreement with Yardi;

e. Accessed Yardi's computer network located in the Central District of California through an unauthorized copy of the Voyager software;

f. Made false representations to Yardi representatives at a meeting in Santa Barbara, California and through letters sent to Yardi representatives in Santa Barbara, California, regarding Property Solutions' access to the Voyager software and development of a competing property management system; and

g. Markets and sells its property management software and other products, which upon information and belief, were developed through the improper use of Yardi's copyrighted and trade secret information, in California.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(a) because Property Solutions is amenable to personal jurisdiction, and thus may be found, in this district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Yardi's claims occurred in this district and a substantial part of the property that is the subject of this action (including Yardi's copyrighted material and trade secrets) is situated in this district.

## **GENERAL ALLEGATIONS**

### **Nature of Yardi's Business**

13. Yardi develops, markets, and sells database and application software for the property management industry. In addition to designing and developing property management software, Yardi licenses, hosts, manages and supports that software for its real estate and property management clients.

14. Yardi's Voyager software is designed for property owners, managers, and investors in global real estate markets. It offers an operating platform that centralizes accounting and property management data in a single database, eliminating the need for clients to transfer data among various systems and



BROWNSTEIN HYATT FARBER SCHRECK, LLP
21 East Carrillo Street
Santa Barbara, CA 93101-2706

allowing clients to work more efficiently. Yardi offers Voyager software solutions designed to meet the requirements of every real estate market.

15. Yardi offers the Voyager software to its clients pursuant to software license agreements. Among other things, those agreements prohibit users of the Voyager software from disclosing Yardi's confidential, copyrighted, or proprietary information; providing access to the Voyager software to individuals that are not designated users under the agreements; and reverse engineering, decompiling or otherwise attempting to discover the source code for the Voyager software.

**Yardi's Relationship with Property Solutions**

16. There are many third party companies that also develop and market certain specialized add-on products and service modules for the property management industry, which products and services are intended to interface with the Voyager software. In other words, Yardi clients may use the Voyager software as their operating platform and may license software from third parties to perform specific additional functions desired by that client. Yardi has a long history of working cooperatively with these third party providers to develop and improve interfaces that will best serve the parties' mutual clients.

17. Property Solutions is a developer of add-on products and service modules that interface with the Voyager software. Rather than using Yardi's standard interfaces, Property Solutions has elected to develop its own custom interfaces to allow interoperability between the Voyager software and Property Solutions' products. Upon information and belief, to develop its custom interfaces, Property Solutions gained unauthorized access to the Voyager software. Property Solutions could not have developed those custom interfaces without such access.

18. Property Solutions has never had any license agreement, or been otherwise authorized, to use or access the Voyager software.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
21 EAST CARRILLO STREET
SANTA BARBARA, CA 93101-2706

**Yardi's Inquiries Regarding Property Solutions' Improper Access to Voyager Software and Property Solutions' False and Misleading Denials**

19. Once Yardi realized Property Solutions had gained illegal access to the Voyager software, Yardi expressed these concerns to Property Solutions in a meeting in Santa Barbara, California on February 7, 2012 and again in a subsequent phone call on February 13, 2012. During those meetings, Property Solutions denied ever accessing, using, or copying the Voyager software, but refused to explain how it tested and validated its custom interfaces without such access.

20. At the February 7, 2012 meeting, Yardi also asked Property Solutions whether it was developing a property management system to compete with the Voyager software because such an intent would obviously exacerbate Yardi's concerns about Property Solutions' unauthorized access to the software. Property Solutions assured Yardi in that face-to-face discussion that it was not developing such a system.

21. Yardi followed these meetings with a letter to the Chief Executive Officer and President of Property Solutions, in which Yardi asked Property Solutions to confirm that it did not have a copy of the Voyager software in its possession or otherwise have access to the Voyager software, that its personnel and contractors were not logging into the Voyager software for any purpose, and that it had no Yardi technical manuals or user guides. Yardi further explained to Property Solutions that Yardi's agreements with its clients and consultants precluded those clients and consultants from providing Property Solutions with access to the Voyager software or Voyager software documentation. Yardi demanded that Property Solutions return any confidential information in its possession to Yardi.

22. On February 23, 2012, Property Solutions responded to Yardi's inquiry in a letter sent to Yardi's offices by stating that it did not have any copies of the Voyager software in its possession and that it is not accessing the Voyager software. Notably, Property Solutions framed its response only in the present tense,

BROWNSTEIN HYATT FARBER SCHRECK, LLP
21 East Carrillo Street
Santa Barbara, CA 93101-2706

i.e., that it did not currently have access to the Voyager software. It did not assert that it had never had such access. Over the next several months, Property Solutions repeatedly denied that it had any access to the Voyager software.

23. Notwithstanding Property Solutions' carefully worded denials, Yardi continued to suspect that Property Solutions was accessing and using its confidential and proprietary information and copyrighted software. Specifically, among other things, Yardi became aware of certain developments in Property Solutions' custom interfaces which suggested that Property Solutions was accessing, infiltrating, extracting, or otherwise using the Voyager software and code and other Yardi proprietary information to develop and maintain those interfaces. Accordingly, Yardi again demanded that Property Solutions cease and desist from using Yardi's intellectual property and explain to Yardi how such information had been used. Again, however, Property Solutions denied having any such access.

**Yardi's Confirmation of Property Solutions' Improper Access to, and Copying of, the Voyager Software and Other Confidential and Proprietary Information**

24. Yardi has since confirmed that contrary to Property Solutions' repeated representations, Property Solutions did in fact have a copy of the Voyager software at least as of October 2011. On October 28, 2011, a copy of the Voyager software (version 6.0) accessed the Yardi network from an IP address that is registered to Property Solutions (64.90.194.190). This access confirms that there was a copy of the Voyager software on a computer owned or operated by Property Solutions. Property Solutions' possession and use of that copy of the Voyager software was unauthorized and infringed on one or more of Yardi's copyrights.

25. In addition, Property Solutions has used its relationship with Yardi's and Property Solutions' mutual clients to obtain access to Yardi's proprietary, trade secret information. For example, in July 2012, Property Solutions sent an email to a mutual client located in California requesting Yardi's proprietary information to assist in its development of certain enhancements. Specifically, the email asks the



BROWNSTEIN HYATT FARBER SCHRECK, LLP
21 East Carrillo Street
Santa Barbara, CA 93101-2706

client to disclose the Yardi database tables that can be used by Property Solutions to identify a lease renewal offer or to tell Yardi that a renewal offer has been accepted. This email is just one example in which Property Solutions asked a Yardi client to disclose specific information regarding Yardi's proprietary, trade secret logic.

26. Shortly after the July 2012 email, Property Solutions claimed to have developed a custom interface with the Voyager software for its lease renewal product. Property Solutions could not have developed that custom interface without access to Yardi's proprietary information. Further, upon information and belief, Property Solutions improperly used a Voyager software test environment or an unauthorized copy of the Voyager software to debug, test, and validate the custom interface.

27. Property Solutions' unauthorized access to and use of the Voyager software is further evidenced by the ongoing functionality of the Property Solutions custom interfaces despite several updates and modifications to the Voyager software. Yardi continues to offer updates to the Voyager software to improve its functionality and features. Without access to these updated versions of the Voyager software in order to test corresponding updates and modifications to Property Solutions' custom interfaces, Property Solutions' custom interfaces would begin experiencing increased failures. However, Property Solutions continues to use its own custom interfaces and has not transitioned to Yardi's standard interfaces.

28. Before this lawsuit was filed, Property Solutions asked Yardi to disclose its evidence that Property Solutions had illegally obtained a copy of the Voyager software. Yardi did exactly that – explaining to Property Solutions' counsel that a copy of the Voyager software had accessed the Yardi network from a Property Solutions computer – and was told that Property Solutions would get back to Yardi with a response. Notably, confronted with this incontrovertible evidence of its improper and illegal behavior, Property Solutions suddenly went silent, never even responding, let alone offering any explanation or justification for its behavior.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
21 EAST CARRILLO STREET
SANTA BARBARA, CA 93101-2706

BROWNSTEIN HYATT FARBER SCHRECK, LLP
21 EAST CARRILLO STREET
SANTA BARBARA, CA 93101-2706

**Property Solutions' Release of Competing Property Management System**

29. Finally, contrary to Property Solutions' representation to Yardi in February 2012 that it was not developing a property management product, Property Solutions has now released a property management system called "Entrata" that competes with the Voyager software. Upon information and belief, Property Solutions developed the Entrata software through the improper and unauthorized use of Yardi's proprietary trade secret information and by intentionally and unlawfully copying Yardi's copyrighted Voyager software.

30. Property Solutions had access to the Voyager software, both through the unauthorized copy of the Voyager software that was in Property Solutions' possession and through the parties' mutual clients. By gaining access to the Voyager software, Property Solutions improperly accessed Yardi's copyrighted, proprietary information that reflected years of painstaking effort and financial investment. Without access to this proprietary information, it would have taken Property Solutions years and a substantial investment to build a competing property management software system. Instead, upon information and belief, Property Solutions simply used Yardi's proprietary information to develop Entrata.

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement – 17 U.S.C. § 101 et seq.)**

31. Yardi incorporates by reference and realleges each of the allegations set forth in paragraphs 1 through 30 of this Complaint as if set forth fully herein.

32. Yardi is the owner of valid and enforceable copyrights in its Voyager software and related modules and add-ons, each of which constitutes an original and creative work of authorship protectable by copyright.

33. Yardi has registered copyrights that comprise the Voyager software with the Copyright Office pursuant to 17 U.S.C. § 408. Yardi's copyrights related to the Voyager software are listed in the table below:

| Title of Work | Copyright Registration/Application Number | Date of Registration/Application |
|---|---|---|
| Yardi Voyager 5.0 | TXu 1-749-873 | 7/18/11 |
| Yardi Voyager 6.0 | TXu 1-750-061 | 7/18/11 |
| Yardi Voyager International 6.0 | TXu 1-766-870 | 7/26/11 |
| Yardi Voyager Investment Management 6.0 | TXu 1-766-871 | 7/26/11 |
| Yardi Voyager Residential Plug-In 10 (Version 60.08.22) | TXu 1-754-722 | 5/10/11 |
| Yardi Voyager Commercial Plug-In 3 (Version 70.6) | TXu 1-754-718 | 5/10/11 |
| Yardi Voyager International Plug-In 3.5 (Version 70.6) | TXu 1-754-735 | 5/10/11 |
| Yardi Voyager Affordable Housing Plug-In 13 (Version 60.08.22) | TXu 1-754-727 | 5/10/11 |
| Yardi Voyager Construction Management Plug-In V3 (Version 70.6) | TXu 1-754-719 | 5/10/11 |
| Yardi Voyager Forecasting Plug-In 4.2 (Version 70.6) | TXu 1-754-724 | 5/10/11 |
| Yardi Voyager iPHA Plug-In 8.1 (Version 60.08.22) | TXu 1-761-958 | 5/10/11 |
| Yardi Voyager Senior Housing Plug-In 6.1 (Version 60.08.22) | TXu 1-754-733 | 5/10/11 |
| Yardi Voyager 70.8 | 1-975882251 (Pending) | Filed: 8/27/13 |

BROWNSTEIN HYATT FARBER SCHRECK, LLP
21 EAST CARRILLO STREET
SANTA BARBARA, CA 93101-2706

BROWNSTEIN HYATT FARBER SCHRECK, LLP
21 EAST CARRILLO STREET
SANTA BARBARA, CA 93101-2706

| | | |
|---|---|---|
| Yardi Voyager International Plug-In 2.1 (Version 70.8) | 1-975944390 (Pending) | Filed: 8/26/13 |
| Yardi Voyager Investment Management Plug-In 2.1 (Version 70.8) | 1-975944422 (Pending) | Filed: 8/27/13 |
| Yardi Voyager Affordable Housing Plug-In 1 (Version 70.8) | 1-975944444 (Pending) | Filed: 8/26/13 |
| Yardi Voyager Commercial Plug-In 2.1 (Version 70.8) | 1-975944466 (Pending) | Filed: 8/26/13 |
| Yardi Voyager Construction Management Plug-In 2.1 (Version 70.8) | 1-975944488 (Pending) | Filed: 8/26/13 |
| Yardi Voyager Forecasting Plug-In 1.1 (Version 70.8) | 1-975944511 (Pending) | Filed: 8/26/13 |
| Yardi Voyager Residential Plug-In 2 (Version 70.8) | 1-975944534 (Pending) | Filed: 8/26/13 |

34. Property Solutions has knowingly and intentionally violated Yardi's exclusive right to reproduce its copyrighted material by, among other things, knowingly and intentionally copying and using the Voyager software without Yardi's authorization and without a license to do so.

35. Upon information and belief, Property Solutions has also knowingly and intentionally violated Yardi's exclusive rights to create derivative works based upon its copyrighted material and to distribute and control distribution and sale of such derivative works through the development and distribution of the Entrata software. Upon information and belief, in creating Entrata, Property Solutions intentionally copied original copyrightable elements of the Voyager software.

36. In addition to directly infringing Yardi's exclusive rights in its copyrighted material, Property Solutions has, upon information and belief, contributorily infringed Yardi's exclusive copyrights by intentionally inducing or encouraging the mutual clients of Yardi and Property Solutions to reproduce and/or distribute copies of the Voyager software to Property Solutions.

37. Property Solutions was on notice of Yardi's copyrights and knew or should have known that its copying and use of the Voyager software, and creation, distribution and sale of derivative works therefrom, infringed Yardi's exclusive rights in its copyrighted material, because of, among other things, written warnings from Yardi and copyright notices placed on the Voyager software and related technical manuals and user guides under 17 U.S.C. § 401.

38. Yardi is entitled to damages in an amount to be proved at trial, including either Yardi's actual damages and any additional profits of Property Solutions that are attributable to the infringement under 17 U.S.C. § 504(b), or statutory damages pursuant to 17 U.S.C. § 504(c).

39. In addition, Property Solutions' infringement of Yardi's copyrights was committed willfully, in that Property Solutions was actually aware of the infringing activity, or alternatively, acted in reckless disregard or with willful blindness to Yardi's copyrights. Specifically, Yardi repeatedly placed Property Solutions on notice of its infringing activity. Therefore, Yardi is also entitled to statutory damages for willful infringement pursuant to 17 U.S.C. 504(c)(2).

40. Yardi is also entitled to a temporary and final injunction to prevent or restrain Property Solutions' further infringement of Yardi's copyrights pursuant to 17 U.S.C. § 502, as well as an order impounding or destroying all copies of the Voyager software and, if proved at trial to be infringing, all copies of the Entrata software, in Property Solutions' possession pursuant to 17 U.S.C. § 503.

41. In addition, Yardi is entitled to an award of its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
21 EAST CARRILLO STREET
SANTA BARBARA, CA 93101-2706

**SECOND CLAIM FOR RELIEF**

**(Misappropriation of Trade Secrets – Cal. Civ. Code §§ 3426-3426.11)**

42. Yardi incorporates by reference and realleges each of the allegations set forth in paragraphs 1 through 41 of this Complaint as if set forth fully herein.

43. Yardi is the owner of the proprietary and confidential Voyager software, as well as other proprietary and confidential information related to that software, including database tables and logic. This information constitutes trade secrets in that it derives independent, substantial economic value from the fact that it is not generally known to the public or to others who, if they had access to such information, could obtain economic value from it. Specifically, this proprietary and confidential information allows Yardi to compete effectively and advantageously, and if others had access, they could use it to increase their competitive advantage.

44. Yardi makes reasonable efforts to maintain the secrecy of the Voyager software and related proprietary information. Among other things, Yardi: (1) restricts access to the Voyager software through unique, confidential log-in credentials; (2) discloses the Voyager software and other confidential information only to clients or designated consultants pursuant to limited licenses or other confidentiality agreements that, among other things, prohibit reverse engineering or otherwise attempting to discover the source code of the software and preclude the disclosure of Yardi's confidential information; (3) prohibits disclosure of software and other related information by employees pursuant to employment agreements and Yardi's Employee Handbook; and (4) designates its software and related information as confidential, proprietary, copyrighted, and trade secrets.

45. Property Solutions has acquired Yardi's trade secrets with knowledge, or reason to know, that the trade secrets were acquired by improper means. Specifically, among other things, Property Solutions: (1) copied the Voyager software without authorization in violation of Yardi's exclusive copyrights; (2) misrepresented its intent to create a property management system that competes

BROWNSTEIN HYATT FARBER SCHRECK, LLP
21 East Carrillo Street
Santa Barbara, CA 93101-2706

with the Voyager software; (3) upon information and belief, induced mutual clients of Yardi and Property Solutions to disclose trade secret information to Property Solutions in violation of their license agreements and/or confidentiality agreements with Yardi; and (4) upon information and belief, improperly accessed the Voyager software without authorization through access that Yardi granted its clients pursuant to license agreements and/or confidentiality agreements.

46. Upon information and belief, Property Solutions then used Yardi's trade secrets that it obtained through improper means without authorization of Yardi to gain competitive advantage against Yardi. For example, upon information and belief, Property Solutions used its access to the Voyager software to develop its custom interfaces and to develop its Entrata software, a property management software that competes with the Voyager software.

47. Property Solutions knew or had reason to know at the time of its use of Yardi's trade secrets that its knowledge of Yardi's trade secrets was: (1) derived from or through individuals who had used improper means to acquire them; (2) acquired under circumstances giving rise to a duty to maintain their secrecy or limit their use; and/or (3) derived from or through individuals who owed a duty to Yardi to maintain their secrecy or limit their use.

48. Yardi has suffered actual losses caused by Property Solutions' misappropriation of Yardi's trade secrets in an amount to be proved at trial. In addition, Yardi is entitled to the benefits by which Property Solutions was unjustly enriched as a result of its misappropriation.

49. Property Solutions' misappropriation was willful and malicious, as evidenced in part by its intentional infringement of Yardi's copyrights and its blatant falsehoods when asked about its true intention. Therefore, Yardi is entitled to an award of exemplary damages and its reasonable attorneys' fees and costs.

50. Yardi is also entitled to temporary and permanent injunctive relief enjoining Property Solutions' further misappropriation of Yardi's trade secrets and



BROWNSTEIN HYATT FARBER SCHRECK, LLP
21 EAST CARRILLO STREET
SANTA BARBARA, CA 93101-2706

preventing any commercial advantage that Property Solutions might otherwise derive from the misappropriation.

**THIRD CLAIM FOR RELIEF**

**(Intentional Interference with Contractual Relations)**

51. Yardi incorporates by reference and realleges each of the allegations set forth in paragraphs 1 through 50 of this Complaint as if set forth fully herein.

52. Yardi and its clients are parties to valid and enforceable license agreements, which prohibit Yardi's clients from giving third parties such as Property Solutions access to the Voyager software, and which require the clients to maintain the confidentiality of Yardi's proprietary and copyrighted information.

53. Property Solutions had knowledge of the license agreements between Yardi and its clients. Specifically, among other things, Yardi expressly and repeatedly informed Property Solutions that the license agreements prohibited Yardi's clients from giving Property Solutions access to the Voyager software.

54. Upon information and belief, Property Solutions took intentional acts designed to induce a breach or disruption of Yardi's contractual relationships with its customers, by among other things, requesting that Yardi's clients provide Property Solutions access to the Voyager software so that Property Solutions could resolve technological issues with its custom interfaces, when in fact Property Solutions sought to use that improper access for the purpose of developing Entrata.

55. Upon information and belief, as a result of Property Solutions' actions, one or more of Yardi's clients was induced to breach, and did breach, its license agreement with Yardi by providing Property Solutions access to the Voyager software for the purpose of developing its own software products, and by disclosing Yardi's confidential, proprietary, and copyrighted information.

56. Yardi has suffered damages as a result of Property Solutions' intentional interference with Yardi's contracts in an amount to be proved at trial.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
21 EAST CARRILLO STREET
SANTA BARBARA, CA 93101-2706

BROWNSTEIN HYATT FARBER SCHRECK, LLP
21 EAST CARRILLO STREET
SANTA BARBARA, CA 93101-2706

**PRAYER FOR RELIEF**

WHEREFORE, Yardi respectfully requests the following relief:

A. Entry of judgment in favor of Yardi and against Property Solutions on all of Yardi's claims in an amount to be determined at trial.

B. Entry of a preliminary and permanent injunction prohibiting Property Solutions from: (1) copying, accessing, storing, distributing, using, or creating, or distributing or selling derivative works from, the Voyager software or Yardi's other copyrighted materials; (2) facilitating, inducing, or encouraging any party from engaging in any of the acts described in (1) above; (3) using or acquiring Yardi's trade secret information, including, but not limited to, the Voyager software; (4) requesting or obtaining access to the Voyager software or Yardi's other proprietary and confidential information from Yardi's clients or other third parties; or (5) otherwise infringing, directly or indirectly, on Yardi's exclusive copyrights or misappropriating Yardi's trade secret information.

C. An order requiring Property Solutions to impound or destroy any and all infringing material in Property Solutions' possession or control, including any version or derivative work of the Voyager software and, if shown at trial to be infringing, all copies of the Entrata software, pursuant to 17 U.S.C. § 503.

D. An order requiring Property Solutions to recall from all customers, distributors, and other third parties all software, source code, and other materials and works shown to infringe any of Yardi's copyrights.

E. An order requiring Property Solutions to impound or destroy all Yardi trade secret information that is in Property Solutions' possession or control.

F. Actual damages suffered by Yardi as a result of the infringement, and any profits of Property Solutions that are attributable to the infringement, in an amount to be proved at trial.

G. Statutory damages in an amount to be proved at trial under 17 U.S.C. § 504(c).

H. Exemplary damages.

I. Pre-judgment and post-judgment interest on all damages awarded at trial.

J. Attorneys' fees, costs and expenses, including expert witness fees.

K. Any other relief that this Court deems just and proper.

Dated: October 21, 2013

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By:/s/ Eric Berg
ERIC BERG
Attorneys for Plaintiff
Yardi Systems, Inc.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
21 East Carrillo Street
Santa Barbara, CA 93101-2706

BROWNSTEIN HYATT FARBER SCHRECK, LLP
21 EAST CARRILLO STREET
SANTA BARBARA, CA 93101-2706

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b) and Local Rule 38-1, Yardi demands a trial by jury on all issues so triable.

Dated: October 21, 2013

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: /s/ Eric Berg
ERIC BERG
Attorneys for Plaintiff
Yardi Systems, Inc.