Brownstein Hyatt Farber Schreck, LLP
Laura Bielinski (State Bar No. 264115)
lbielinski@bhfs.com
1020 State Street
Santa Barbara, CA 93101-2706
Telephone: 805.963.7000
Facsimile: 805.965.4333

Brownstein Hyatt Farber Schreck, LLP
John V. McDermott (*Pro Hac Vice*)
(Colorado State Bar No. 11854)
jmcdermott@bhfs.com
Karl L. Schock (*Pro Hac Vice*)
(Colorado State Bar No. 38239)
kschock@bhfs.com
410 Seventeenth Street
Suite 2200
Denver, CO  80202-4432
Telephone:  303.223.1100
Facsimile:   303.223.1111

Attorneys for Plaintiff Yardi Systems, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YARDI SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PROPERTY SOLUTIONS INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 2:13-CV-07764-FMO-CW<br><br>**ANSWER TO COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |
| PROPERTY SOLUTIONS INTERNATIONAL, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>YARDI SYSTEMS, INC.,<br><br>Counterdefendant. | **Hon. Fernando M. Olguin** |

1

Plaintiff and Counterclaim Defendant Yardi Systems, Inc. ("Yardi"), by and through its counsel, Brownstein Hyatt Farber Schreck, LLP, hereby submits its Answer and Affirmative Defenses to the Counterclaims filed by Property Solutions International Inc. ("Property Solutions"). Except as expressly admitted herein, Yardi denies each and every allegation contained in the Counterclaims.

## ANSWER TO COUNTERCLAIMS

Yardi restates and incorporates by reference each of the paragraphs contained in Yardi's First Amended Complaint for Damages, filed on April 4, 2014.

Yardi admits, upon information and belief, the allegations contained in the first un-numbered paragraph under "Parties" in the counterclaims.

Yardi admits the allegations contained in the second un-numbered paragraph under "Parties" in the counterclaims.

The allegations contained in the first un-numbered paragraph under "Jurisdiction and Venue" in the counterclaims state a legal conclusion to which no response is required. To the extent that a response is required, Yardi states that it does not challenge subject matter jurisdiction at this time.

89. The allegations contained in paragraph 89 state a legal conclusion to which no response is required. To the extent that a response is required, Yardi states that it does not challenge venue in this Court.

90. Yardi is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 90, and therefore, denies the same.

91. Yardi denies as incomplete the allegation in paragraph 91 purporting to describe the nature of property management software. Yardi is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 91, and therefore, denies the same.

92. Yardi denies that Property Solutions pioneered the technology that allows residents to pay rent online. Yardi is without sufficient knowledge or

information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 92, and therefore, denies the same.

93. Yardi denies that Property Solutions has successfully integrated with Yardi. Yardi is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 93, and therefore, denies the same.

94. Yardi denies that Property Solutions is the only single-platform multi-tenant property management software provider with a comprehensive cloud-based product suite. Yardi is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 94, and therefore, denies the same.

95. Yardi admits, upon information and belief, that Property Solutions purports to provide an interface for existing property management software and that Property Solutions recently released a property management software product called Entrata that purports to include accounting, purchasing, and facilities management. Yardi is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 95, and therefore, denies the same.

96. Yardi denies the allegations contained in paragraph 96.

97. Yardi denies the allegations contained in paragraph 97.

98. Yardi admits that in early 2006, Property Solutions sent Yardi an email with contact information, corporate information, and two proposals, the terms of which speak for themselves. To the extent the allegations in paragraph 98 are inconsistent with Property Solutions' email to Yardi in early 2006, Yardi denies them. Yardi denies any remaining allegations contained in paragraph 98.

99. Yardi admits that Yardi sent a copy of its Genesis software to Property Solutions. Yardi denies the remaining allegations contained in paragraph 99.

100. Yardi admits that it encouraged third party providers to communicate with Yardi's database through a Yardi-designed standard interface and that Property Solutions instead designed its own custom interface. With respect to the remaining allegations in paragraph 100, Yardi either denies them or is without sufficient knowledge or information to form a belief as to their truth or falsity, and therefore denies them on that basis.

101. Yardi is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 101, and therefore, denies the same.

102. Yardi is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 102 – particularly because they fail to disclose the identities of the individuals allegedly involved – and therefore, denies the same.

103. Yardi is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 103, and therefore, denies the same.

104. Yardi admits that in 2007, Property Solutions worked with James Beane and Quan Le and that at the time Quan Le was the Application Service Provider (ASP) Director for Yardi. Yardi denies the remaining allegations contained in paragraph 104.

105. Yardi admits that in October 2007, Property Solutions wrote an email to a Yardi employee, the terms of which speak for themselves. To the extent the allegations in paragraph 105 are inconsistent with that email, Yardi denies them. Yardi also admits that Property Solutions sought to install its interface on Yardi's servers and that Property Solutions needed Yardi's approval to do so. Yardi further admits that its employee sent a response to Property Solutions' October 2007 email, the terms of which speak for themselves. To the extent the allegations in paragraph

1  105 are inconsistent with that response, Yardi denies them.  Yardi denies the
2  remaining allegations contained in paragraph 105.
3       106.   Yardi is without sufficient knowledge or information to form a belief
4  as to the truth or falsity of the allegations contained in paragraph 106, and therefore,
5  denies the same.
6       107.   Yardi admits that Property Solutions' custom interface was installed
7  on some Yardi servers and that Yardi was aware of Property Solutions' custom
8  interface.  Yardi denies the remaining allegations contained in paragraph 107.
9       108.   Yardi admits that in 2008, Yardi charged customers to host third-party
10 custom interfaces on Yardi's servers.  Yardi is without sufficient information and
11 belief as to whether Property Solutions referred customers to Yardi and
12 recommended that they use Yardi's property management software, and therefore,
13 Yardi denies the same.  Yardi denies the remaining allegations contained in
14 paragraph 108.
15       109.   Yardi is without sufficient knowledge or information to form a belief
16 as to the truth or falsity of the allegations contained in paragraph 109, and therefore,
17 denies the same.
18       110.   Yardi admits that in December 2008, it wrote to third-party providers,
19 informing them that they needed to be SAS70 compliant to continue interfacing
20 with Yardi products.  Yardi further admits that SAS70 was an auditing standard
21 used to verify that service providers have adequate controls and safeguards in place
22 when they host or process data belonging to their customers and that Yardi
23 communicated this information to clients when needed.  Yardi admits that Property
24 Solutions executed a letter agreement dated January 8, 2009.  The terms of the letter
25 agreement speak for themselves.  To the extent the allegations in paragraph 110 are
26 inconsistent with the fully executed letter agreement, Yardi denies them.  Yardi
27 denies any remaining allegations contained in paragraph 110.
28

111. Yardi admits that it marketed its own portal products and standard interfaces to its clients. With respect to the remaining allegations in paragraph 111, Yardi either denies them or is without sufficient knowledge or information to form a belief as to their truth or falsity, and therefore denies them on that basis.

112. Yardi admits that in February 2009, Property Solutions Ben Zimmer emailed Yardi founder Anant Yardi and states that the terms of that email speak for themselves. To the extent the allegations in paragraph 112 are inconsistent with that email, Yardi denies them. Yardi further admits that the parties arranged a meeting in Santa Barbara with Mr. Yardi, Mr. Bateman, and Mr. Zimmer. Yardi denies the remaining allegations contained in paragraph 112.

113. Yardi admits that after the meeting, Mr. Yardi emailed Property Solutions and states that the terms of that email speak for themselves. To the extent the allegations in paragraph 83 are inconsistent with that email, Yardi denies them. Yardi is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 113, and therefore, denies the same.

114. Yardi admits that Yardi employees have assisted Property Solutions and their mutual customers with troubleshooting and that it has provided certain technical support to Property Solutions. Yardi also admits that it is to the benefit of Yardi to ensure that its largest clients do not have problems accessing Yardi's software or databases. Yardi denies the remaining allegations contained in paragraph 114.

115. Yardi admits that on January 24, 2011, Yardi filed a lawsuit against RealPage, Inc., another provider of property management software and associated plug-ins, in which Yardi asserted a claim for copyright infringement, among other claims. Yardi also admits that after the lawsuit was filed, Yardi held a conference call with third-party providers, including Property Solutions. Yardi denies the remaining allegations contained in paragraph 115.

116. Yardi admits that it informed customers that Property Solutions' interfaces presented security problems and did not meet Yardi standards. Yardi denies the remaining allegations contained in paragraph 116.

117. Yardi admits that in August 2012, it sent letters to customers concerning Property Solutions, the terms of which speak for themselves. To the extent the allegations in paragraph 117 are inconsistent with those letters, Yardi denies them. Yardi also admits that Property Solutions' custom interfaces created security issues for customers' data and denies that its explanation of this issue was erroneous. Yardi admits that it encouraged customers to consider Yardi's standard interfaces. Yardi is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 117, and therefore, denies the same.

118. Yardi admits that Property Solutions provided Yardi a document purporting to be a "gap analysis," the terms of which speak for themselves. Yardi denies all remaining allegations contained in paragraph 118.

119. Yardi admits that in early 2012, Yardi began communicating that it would start charging vendors including Property Solutions $25,000 to use each of seven Yardi standard interfaces. Yardi denies any remaining allegations contained in paragraph 119.

120. Yardi admits that it has not forced a single customer to move to Yardi's standard interfaces. Yardi is without sufficient knowledge or information to form a belief as to the truth or falsity of Property Solutions' allegation that there are over 200 mutual Property Solutions/Yardi customers still using Property Solutions' custom interfaces, and therefore, Yardi denies the same. Yardi admits that in 2013, Yardi entered into an agreement to host Property Solutions' custom interface for a mutual Yardi/Property Solutions customer. Yardi admits that it provides certain limited technical support to Property Solutions when Property

1  Solutions' applications cause technical problems for mutual clients. Yardi denies
2  the remaining allegations contained in paragraph 120.

3       121.   Yardi denies the allegations contained in paragraph 121.

4       122.   Yardi is without sufficient knowledge or information to form a belief
5  as to the truth or falsity of the allegations contained in paragraph 122, and therefore,
6  denies the same.

7       123.   Yardi admits, upon information and belief, that Entrata incorporates
8  core accounting functions also found in Yardi's Voyager software, but denies that
9  these functions are largely standardized or common to all property management
10 software. Yardi is without sufficient knowledge or information to form a belief as
11 to the truth or falsity of the remaining allegations contained in paragraph 123, and
12 therefore, denies the same.

13      124.   Yardi admits, upon information and belief, that Property Solutions
14 looked at Yardi's Voyager software during the development of Entrata. Yardi
15 denies the remaining allegations contained in paragraph 124.

16      125.   Yardi denies that Yardi's Voyager software is not device agnostic and
17 affirmatively states that Yardi's Voyager software can be used on any browser,
18 operating system, or device. Yardi further states that Yardi's Voyager software
19 provides single sign-on capabilities. Yardi denies that Entrata has an open
20 platform. Yardi admits that Voyager is written in .NET. Yardi is without sufficient
21 knowledge or information to form a belief as to the truth or falsity of the remaining
22 allegations contained in paragraph 125, and therefore, denies the same.

23      126.   Yardi admits that in June 2012, Property Solutions announced the
24 launch of Entrata. Yardi is without sufficient knowledge or information to form a
25 belief as to the truth or falsity of the remaining allegations contained in paragraph
26 126, and therefore, denies the same.

27      127.   Yardi denies the allegations that Entrata is not based on legacy
28 programs, that Entrata is a product unlike any other, that Entrata does not replicate

1  Voyager, and that Entrata was designed from the ground up.  Yardi is without
2  sufficient knowledge or information to form a belief as to the truth or falsity of the
3  remaining allegations contained in paragraph  127, and therefore, denies the same.
4          128.   Yardi admits that in early 2012, Yardi emailed Property Solutions and
5  states that the terms of that email speak for themselves.  To the extent the
6  allegations in paragraph 128 are inconsistent with that email, Yardi denies them.
7  Yardi also admits that a meeting was held at the offices of Brownstein Hyatt Farber
8  Schreck, LLP, the firm representing Yard in this lawsuit.  Yardi is without
9  sufficient knowledge or information to form a belief as to the truth or falsity of the
10 remaining allegations contained in paragraph 128, and therefore, denies the same.
11         129.   Yardi admits that at the meeting, Yardi asked how Property Solutions
12 had been able to develop its interfaces with the Voyager software.  Yardi denies the
13 remaining allegations contained in paragraph 129.
14         130.   Yardi admits that it asked Mr. Zimmer whether Property Solutions was
15 developing its own property management software.  Yardi also admits that Mr.
16 Zimmer stated that Property Solutions had been focusing its efforts on portal
17 products and affirmatively states that Mr. Zimmer specifically denied that Property
18 Solutions was developing its own property management software.  Yardi denies the
19 remaining allegations contained in paragraph 130.
20         131.   Yardi admits that on February 13, 2012, the parties held a conference
21 call and that Yardi again asked Property Solutions how it was able to develop and
22 test its products.  Yardi admits that Property Solutions stated that it had not
23 accessed or used Yardi software's source code.  Yardi admits that after that
24 conference call, Yardi sent letters to Property Solutions and that Yardi filed this
25 lawsuit.  Yardi denies the remaining allegations contained in paragraph 131.
26         132.   Yardi admits that for the benefit of its customers, Yardi has attempted
27 in good faith to come to terms with Property Solutions on a Data Exchange
28 Agreement.  Yardi denies the remaining allegations contained in paragraph 132.

133. Yardi restates and incorporates by reference its responses to the allegations in paragraphs 89 to 132 above and each of the paragraphs contained in Yardi's First Amended Complaint for Damages, filed on April 4, 2014.

134. Yardi admits the allegations contained in paragraph 134.

135. Yardi denies the allegations contained in paragraph 135.

136. The allegations contained in paragraph 136 state a legal conclusion to which no response is required. To the extent that a response is required, Yardi denies the allegations contained in paragraph 136.

137. The allegations contained in paragraph 137 state a legal conclusion to which no response is required. To the extent that a response is required, Yardi denies the allegations contained in paragraph 137.

138. Yardi restates and incorporates by reference its responses to the allegations in paragraphs 89 to 137 above and each of the paragraphs contained in Yardi's First Amended Complaint for Damages, filed on April 4, 2014.

139. Yardi admits that it alleges that Property Solutions has misappropriated Yardi's trade secrets to develop its Entrata software. Yardi does not currently base its trade secret misappropriation claim on Property Solutions' misappropriation of Yardi's trade secrets to develop its interfaces.

140. Yardi denies the allegations in paragraph 140.

141. The allegations contained in paragraph 141 state a legal conclusion to which no response is required. To the extent that a response is required, Yardi denies the allegations contained in paragraph 141.

142. The allegations contained in paragraph 142 state a legal conclusion to which no response is required. To the extent that a response is required, Yardi denies the allegations contained in paragraph 142.

Property Solutions' WHEREFORE clause and prayer for relief are not averments to which a responsive pleading is required. To the extent any response is

required, Yardi denies the allegations contained therein and denies that Property Solutions is entitled to any of the requested relief.

## AFFIRMATIVE DEFENSES

Without admitting or implying that Yardi bears the burden of proof as to any of them, Yardi asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Property Solutions' Counterclaims fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Incorporation of Yardi's Complaint)

Property Solutions' Counterclaims fail for the reasons stated in Yardi's First Amended Complaint, namely that Property Solutions infringed Yardi's copyrights and misappropriated Yardi's trade secrets.

### THIRD AFFIRMATIVE DEFENSE
### (Redundant of Yardi's Claims)

Property Solutions' Counterclaims are mirror images of claims asserted in Yardi's First Amended Complaint and are redundant of Property Solutions' defenses.

### FOURTH AFFIRMATIVE DEFENSE
### (Certificate of Registration)

Yardi has obtained certificates of registration for the copyrights at issue.

### FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Property Solutions' Counterclaims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE
### (Estoppel)

Property Solutions' Counterclaims are barred, in whole or in part, by the equitable doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE
### (Agreement)

Property Solutions' Counterclaims are barred, in whole or in part, by the terms of agreements between the parties.

## EIGHTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

Yardi's investigation of its defenses is ongoing, and Yardi asserts that it may have additional affirmative defenses that cannot be articulated at this time. Yardi therefore reserves the right to supplement or amend these affirmative defenses.

WHEREFORE, Yardi requests that Property Solutions' Counterclaims be dismissed with prejudice and that judgment be entered in favor of Yardi and against Property Solutions on each and every claim asserted therein, and that Yardi be awarded its attorneys' fees and costs expended in the defense of such Counterclaims and for such other relief as the Court deems appropriate.

Dated:  May 5, 2014

BROWNSTEIN HYATT FARBER SCHRECK, LLP


By: s/ John V. McDermott
JOHN V. MCDERMOTT
KARL L. SCHOCK
LAURA BIELINSKI

Attorneys for Plaintiff and Counterdefendant
Yardi Systems, Inc.

# DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and Local Rule 38-1, Yardi demands a trial by jury on all issues so triable.

Dated: May 5, 2014

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: s/ John V. McDermott
John V. McDermott
Eric Berg
Karl L. Schock

Attorneys for Plaintiff and Counterdefendant
Yardi Systems, Inc.