MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
Morrison & Foerster LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  415.268.7000
Facsimile:   415.268.7522

ERIC M. ACKER (CA SBN 135805)
EAcker@mofo.com
CHRISTIAN G. ANDREU-VON EUW (CA SBN 265360)
Christian@mofo.com
MARY PRENDERGAST (CA SBN 272737)
MPrendergast@mofo.com
Morrison & Foerster LLP
12531 High Bluff Drive
San Diego, California  92130-2040
Telephone:  858.720.5100
Facsimile:   858.720.5125

Attorneys for Defendant/Counterclaimant
PROPERTY SOLUTIONS INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YARDI SYSTEMS, INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PROPERTY SOLUTIONS INTERNATIONAL, INC.,<br><br>　　　　　Defendant.<br><br>PROPERTY SOLUTIONS INTERNATIONAL, INC.,<br><br>　　　　　Counterclaimant,<br><br>　v.<br><br>YARDI SYSTEMS, INC.,<br><br>　　　　　Counterdefendant. | Case No. 2:13-CV-07764-FMO-CW<br><br>**DISCOVERY MATTER**<br><br>**PROPERTY SOLUTIONS INTERNATIONAL, INC.'S SUPPLEMENTAL MEMORANDUM REGARDING JOINT MOTION FOR ENTRY OF A PROTECTIVE ORDER**<br><br>Date:　August 26, 2014<br>Time:　10:00 a.m.<br>Ctrm:　640<br>Before: Hon. Carla Woehrle<br><br>Discovery Cutoff:　October 24, 2014<br>Pretrial Conference:　May 29, 2014<br>Trial Date:　June 16, 2015 |

PSI Suppl. Br. Re Jnt Mot for Protective Order
Case No. 2:13-cv-07764

sd-647143

The sole issue in dispute between Yardi Systems Inc. ("Yardi") and Property Solutions International, Inc. ("Property Solutions") is this: Should Yardi founder, President, CEO and key competitive decision-maker, Anant Yardi, have access to Property Solutions' "Highly Confidential" information and proprietary database schema. For the reasons outlined in Property Solutions' Statement in the Joint Motion (Dkt. 51 at 5-9), the risk of competitive harm created by such disclosure to a key software developer and decision-maker at Property Solutions' direct competitor vastly outweighs any prejudice that Yardi could possibly identify. *See, e.g.*, *Hitkansut LLC v. United States*, 111 Fed. Cl. 228, 238 (Fed. Cl. 2013) (denying access to principal and inventor, rejecting alleged need to evaluate technical information in order to properly handle litigation); *Apeldyn Corp. v. AU Optronics Corp.*, No. 08-568-SLR, 2012 WL 2368796, at *8 (D. Del. June 13, 2012) (refusing access to executives, noting they are "key … decisionmakers" and "are therefore 'in a position that creates a high risk of inadvertent disclosure'"); *Safe Flight Instrument Corp. v. Sundstrand Data Control Inc.*, 682 F.Supp. 20, 23 (D. Del. 1988) (denying technical information access to President when plaintiff could simply hire an expert rather than risk competitive harm). And as is clear from Yardi's statement and its supplemental briefing, Yardi can identify no such prejudice—its outside counsel, in-house counsel, and three newly retained technical experts all will have access to Property Solutions' source code and schema as needed for this lawsuit.

Yardi's further argument that it does not seek access for Mr. Yardi to documents designated "Highly Confidential – Source Code" ignores the fact that the parties' agreed-upon definition of "Source Code"—the same definition found in both parties' proposed versions of the order—is purposely broad enough to encompass such highly sensitive technical information as database schema. (*Compare* Dkt. 51-2 at 4, ¶ 2.8; 51-3 at 4, ¶ 2.9). It is of no moment whether "database schema" is excised from that definition and designated as merely "Highly

1

PSI Suppl. Br. Re Jnt Mot for Protective Order
Case No. 2:13-cv-07764 FMO (CWx)

sd-647143

Confidential"; Mr. Yardi should not be granted access to schema or any other highly sensitive information of Property Solutions under any definition.

Finally, Yardi contends that there is no prejudice here because, should it succeed in gaining access for Mr. Yardi, Property Solutions would also be granted an in-house non-lawyer who could have access to Yardi's "Highly Confidential" information and schema. Property Solutions is not seeking such access, as it does not believe it necessary for the conduct of this case given the access provided to its outside and in-house counsel and skilled technical experts. But even if a Property Solutions employee was granted access to Yardi's information, that access would do nothing to ameliorate the potential competitive harm caused by exposure of Property Solutions' database schema and other highly sensitive information to Anant Yardi, an admitted "strategic decision-maker" for Property Solutions' direct competitor. (*See* Dkt. 51-6, Yardi Decl., at ¶¶ 7-8.)

Dated: August 12, 2014         MORRISON & FOERSTER LLP

By: /s  Eric M. Acker
    Eric M. Acker

Attorneys for Defendant/Counterclaimant
PROPERTY SOLUTIONS
INTERNATIONAL, INC.

# CERTIFICATE OF SERVICE

I certify that on August 12, 2014, I caused a copy of the foregoing to be filed electronically and that the document is available for viewing and downloading from the ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Executed this 12th day of August, 2014, at San Diego, California.

By: s/ Eric M. Acker
    Eric M. Acker

3

PSI Suppl. Br. Re Jnt Mot for Protective Order
Case No. 2:13-cv-07764 FMO (CWx)

sd-647143