1  Brownstein Hyatt Farber Schreck, LLP
   Margo J. Arnold (State Bar No. 278288)
2  marnold@bhfs.com
   2049 Century Park East, Suite 3550
3  Los Angeles, CA 90067
   Telephone: 310.564.8679
4  Facsimile: 310.500.4602

5  Brownstein Hyatt Farber Schreck, LLP
   John V. McDermott (*Pro Hac Vice*)
6  (Colorado State Bar No. 11854)
   jmcdermott@bhfs.com
7  Lawrence W. Treece (*Pro Hac Vice*)
   Van Aaron Hughes (*Pro Hac Vice*)
8  Michael D. Hoke (*Pro Hac Vice*)
   410 Seventeenth Street, Suite 2200
9  Denver, CO 80202-4433
   Telephone: 303.223.1100
10 Facsimile: 303.223.1111

11 Attorneys for Plaintiff Yardi Systems, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YARDI SYSTEMS, INC.<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>PROPERTY SOLUTIONS INTERNATIONAL, INC.<br><br>　　　　　　Defendant. | Case No. 2:13-CV-07764-FMO-CW<br><br>**PLAINTIFF YARDI SYSTEMS INC.'S *EX PARTE* APPLICATION FOR CONTINUANCE OF THE JUNE 11, 2015 HEARING ON PROPERTY SOLUTIONS INTERNATIONAL INC.'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, FOR DENIAL OF THE MOTION** |
| PROPERTY SOLUTIONS INTERNATIONAL, INC.,<br><br>　　　　　　Counter-Claimant,<br><br>vs.<br><br>YARDI SYSTEMS, INC.<br><br>　　　　　　Counter-Defendant | |

PLAINTIFF YARDI SYSTEMS INC.'S EX PARTE APP FOR CONTINUANCE OF HEARING OR TO DENY MSJ     1     CASE NO. 2:13-CV-07764-FMO-CW

# **EX PARTE APPLICATION**

Plaintiff Yardi Systems, Inc. ("Plaintiff" or "Yardi") hereby applies *ex parte* for a sixty (60) day continuance of the hearing on Defendant Property Solutions International, Inc.'s ("Defendant" or "PSI") Motion for Summary Judgment (the "Motion") in order to allow Yardi time to conduct limited supplemental discovery and prepare additional briefing in opposition to the Motion.

This discovery and briefing is necessary in light of newly-emerged evidence that has recently come to Yardi's attention by virtue of a third-party document production. While this evidence has recently been presented to the Court as part of briefing restricted to the issue of whether PSI exceeded the scope of the 2004 and 2006 Non-Disclosure Agreements between Yardi and PSI (*see* Dkt. No. 120-3, Ex. 80), the late disclosure of this evidence (consisting of emails between PSI and a third party, WNG) has denied Yardi the opportunity to conduct discovery and present substantive argument and facts "essential to justify its opposition" to the Motion as required by Fed. R. Civ. P. 56(d).

PSI admits that this critical evidence was in its possession at the time it responded to relevant discovery requests from Yardi, and that it failed to produce the evidence to Yardi until May 21, 2015. PSI is directly responsible for denying Yardi the opportunity to present a full and fair opposition to its Motion, and it must not be allowed to profit from its misdeeds.

If the Motion is heard on June 11, 2015 (as presently scheduled), Yardi will be precluded from (1) conducting necessary discovery that may produce other evidence still being withheld by PSI; and (2) fully briefing and presenting this new evidence in opposition to PSI's Motion. Most importantly, this Court will be forced to adjudicate PSI's potentially-dispositive motion while it is still unripe.

At a minimum, a continuation of the hearing date and allowance for further limited discovery and briefing on the Motion will allow this Court to weigh Yardi's claims with all essential arguments and facts before it. With respect to such further

discovery, Yardi specifically seeks leave to elicit further testimony from PSI CEO David Bateman or another knowledgeable individual regarding the context surrounding the License Email, the WNG Emails, and any other communications alleged by PSI to support its claim that Yardi was aware PSI had access to the Voyager Software in 2006. Additionally, Yardi wishes to issue further written discovery, including but not limited to document requests and interrogatories regarding any communications between PSI and any third-party to this litigation that pertain to or place into context any evidence Property Solutions contends to show that Yardi had knowledge that Property Solutions was accessing the Voyager software or was obtaining and using any Voyager license file to gain access or use of Yardi's Voyager software.

As an alternative remedy, Yardi requests denial of the Motion *in toto* given (a) the incontrovertible issue of fact raised by the evidence regarding when Yardi first knew that PSI possessed the Voyager software; and (b) PSI's apparently willful misconduct in delaying production of the new evidence until after Yardi had filed its substantive opposition to the Motion.

This *Ex Parte* Application is supported by the Memorandum of Points and Authorities in Support thereof; the Declarations of Anant Yardi and Michael D. Hoke, Esq. in support thereof (and the exhibits attached thereto); all pleadings and papers on file in this action; and such other evidence and argument that the Court may allow at a hearing.

//
//
//
//
//
//
//

Pursuant to Local Rule 7-19, counsel for Yardi has given lead counsel for PSI good faith notice of this *Ex Parte* Application. Hoke Decl. ¶ 3, Ex. A. Counsel for PSI responded to the notice and has indicated that they will oppose the *Ex Parte* Application. *Id.*

Dated: June 3, 2014

Brownstein Hyatt Farber Schreck, LLP

/s/ *Michael D. Hoke*
Margo J. Arnold
John V. McDermott (*Pro Hac Vice*)
Lawrence W. Treece (*Pro Hac Vice*)
Van Aaron Hughes (*Pro Hac Vice*)
Michael D. Hoke (*Pro Hac Vice*)

*Attorneys for Plaintiff*
Yardi Systems, Inc.