Brownstein Hyatt Farber Schreck, LLP
Margo J. Arnold (State Bar No. 278288)
marnold@bhfs.com
2049 Century Park East, Suite 3550
Los Angeles, CA 90067
Telephone: 310.564.8679
Facsimile: 310.500.4602

Brownstein Hyatt Farber Schreck, LLP
John V. McDermott (*Pro Hac Vice*)
(Colorado State Bar No. 11854)
jmcdermott@bhfs.com
Lawrence W. Treece (*Pro Hac Vice*)
Van Aaron Hughes (*Pro Hac Vice*)
Michael D. Hoke (*Pro Hac Vice*)
410 Seventeenth Street, Suite 2200
Denver, CO 80202-4433
Telephone: 303.223.1100
Facsimile: 303.223.1111

Attorneys for Plaintiff Yardi Systems, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YARDI SYSTEMS, INC.<br><br>Plaintiff,<br><br>vs.<br><br>PROPERTY SOLUTIONS INTERNATIONAL, INC.<br><br>Defendant. | Case No. 2:13-CV-07764-FMO-CW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF YARDI SYSTEMS INC.'S *EX PARTE* APPLICATION FOR CONTINUANCE OF THE JUNE 11, 2015 HEARING ON PROPERTY SOLUTIONS INTERNATIONAL INC.'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, FOR DENIAL OF THE MOTION** |
| PROPERTY SOLUTIONS INTERNATIONAL, INC.,<br><br>Counter-Claimant,<br><br>vs.<br><br>YARDI SYSTEMS, INC.<br><br>Counter-Defendant | |

TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 1

I. INTRODUCTION. ................................................................................................ 1

II. PROCEDURAL HISTORY. ................................................................................. 4

III. ARGUMENT. ....................................................................................................... 4

    A. Yardi Has Been Wrongfully Prevented From Presenting Facts And Argument Essential To Its Opposition To The Motion. ............................ 4

        1. The WNG Emails Unequivocally Concern PSI's Access To The Voyager Database, Not The Voyager Software. ..................... 4

        2. Yardi Was Not Provided With The WNG Emails Until After It Had Filed Its Substantive Opposition To The Motion. ............... 6

    B. Yardi Hopes To Elicit Further Evidence Demonstrating PSI's Access To Voyager Was Limited To The Voyager Database. .............................. 8

    C. At Minimum, The Court Should Grant A Continuance Under Rule 56(d) When A Party Faces A Motion For Summary Judgment Before Obtaining Discovery On Essential Theories And Elements Of The Motion. ................................................................................................... 10

    D. PSI's Motion Should Be Denied Based on Its Discovery Conduct in Failing To Provide Relevant Evidence To Yardi. ..................................... 11

IV. CONCLUSION. .................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ................................................................................... 5, 7, 11

*Burlington N. Santa Fe. Rail Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation*,
  323 F.3d 767 (9th Cir. 2003) .................................................................... 3, 7, 10

*Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortgage Corp.*
  525 F. 3d 822 (9th Cir. 2008) ........................................................................ 8, 9

*Metabolife Int'l, Inc. v. Wornick*,
  264 F.3d 832 (9th Cir.2001) ............................................................................. 11

*Cal. on behalf of Cal. Dep't of Toxic Substances Control v. Campbell*,
  138 F. 3d 772 (9th Cir.1998) .............................................................................. 8

*Perrin v. Southwest Water Co.*,
  CV 08-7844 DMG AGRX, 2014 WL 1643646 (C.D. Cal. Apr. 22, 2014) ...... 11

*Price ex rel. Price v. Western Res. Inc.*,
  232 F.3d 778 (10th Cir. 2000) ............................................................................ 7

*Signal Products, Inc. v. Am. Zurich Ins. Co.*,
  2:13-CV-04581-CAS, 2013 WL 6814847 (C.D. Cal. Dec. 19, 2013) ............... 11

*United States v. Kitsap Physicians Serv.*,
  314 F.3d 995 (9th Cir.2002) ............................................................................. 12

*VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*,
  784 F. 2d 1472, 1475 (9th Cir. 1986) .............................................................. 10

*Wichita Falls Office Ass'n v. Banc One Corp.*,
  97 F.2d 915, 919 n. 4 (5th Cir. 1992) ................................................................ 3

**RULES**

Fed. R. Civ. P. 56(d) ........................................................................................ passim

Rule 56(f) ............................................................................................................... 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Yardi Systems, Inc., ("Plaintiff" or "Yardi") has recently been provided with e-mail evidence that directly refutes the 2006 email inquiry notice argument on which Defendant Property Solutions International, Inc.'s ("Defendant" or "PSI") predicates part of its Motion for Summary Judgment ("Motion"). Despite the undisputed fact that ***this evidence has been in the possession of PSI during the entire pendency of this litigation***, Yardi was unable to obtain it until it was provided by a third-party, Western National Group, Inc. ("WNG"), after Yardi had already filed its substantive opposition to the Motion. Only then did PSI admit it had the evidence in its possession, ultimately producing it to Yardi on May 21, 2015 without explanation as to why certain emails were withheld.

Because PSI produced only the emails it (erroneously) contends supported its inquiry notice argument and not the emails that, in context, dispel that argument, it appears PSI consciously denied Yardi the opportunity to present critical facts and argument in opposition to the Motion. Accordingly, Yardi now applies *ex parte* for a sixty (60) day continuance of the June 11, 2015 hearing on the Motion to conduct further limited discovery and briefing (the "Application") in opposition to PSI's inquiry notice arguments.[1]

Alternatively, in light of the nature of PSI's discovery conduct, and as the newly-discovered evidence creates an incontrovertible issue of fact as to the claims now pending before this Court, Yardi seeks an order denying the Motion *in toto* pursuant to Fed. R. Civ. P. 56(d).

---

[1] Yardi believes a 60-day continuance will allow it sufficient time to conduct limited discovery and focused supplemental MSJ briefing. The continuance also will result in the MSJ hearing taking place after a planned June 15 informal settlement meeting between the parties' principals, and the mandatory further settlement conference before the Hon. Carla Woehrle scheduled for June 18.

PSI's Motion is predicated in large part on the argument that Yardi knew or should have known that PSI possessed copies of Yardi's Voyager software "from mutual Yardi-Property Solutions customers" as early as 2006. Dkt. No. 106, 1:18-19. PSI's primary support for this theory is its argument that a Yardi employee, Bryant Shoemaker, was copied on a 2006 e-mail exchange in which WNG agreed to provide Property Solutions a "new license file," which PSI alleges was to be used for access to the Voyager *software*. See Dkt. No. 106-1, 6:22-7:9

Notably, PSI's inference is unsupported by documentary evidence — the withheld emails demonstrate that to the extent that Shoemaker could have been aware of any actions by PSI, he would only have been aware that PSI was interested in receiving access to the Voyager *database*, not the Voyager *software* (the "WNG Emails"). See Dkt. No. 120-3, Ex. 80.

It is undisputed that PSI's access to the Voyager *database* has no bearing on the inquiry before the court. Dkt. 106, Ex. 72, Yardi 12/1/15 Tr., at 187:2-188:5 ("The program is completely different from the database . . . The database was available to whoever our clients chose to give it to."). As each of Yardi's allegations in this litigation are expressly directed to PSI's access, possession, and use of the Voyager *software*, the WNG Emails demonstrate that PSI's 2006 inquiry notice arguments lack any evidentiary basis or reliability. Am. Comp. Doc. 41 ¶¶ 2, 28, 29, 35. Rather than furthering PSI's argument, the WNG Emails plainly demonstrate PSI cannot support the Motion's contention – that Yardi allegedly knew PSI was accessing the Voyager *software* program in 2006.[2] Indeed, no evidence exists showing that any Yardi employee knew about PSI accessing the Voyager software at that early date.

---

[2] Yardi's license file is comprised of bits of data that define the configuration parameters and access authorization to a client's copy of the Voyager Database. The newly discovered WNG Emails suggest that Property Solutions needed WNG's license file to verify its connection with WNG's Voyager database. Yardi Decl. ¶ 5.

Good cause exists to grant Yardi's Application. While Yardi has recently presented the WNG Emails to the Court as part of briefing restricted to the issue of whether PSI exceeded the scope of the 2004 and 2006 Non-Disclosure Agreements (see Dkt. 120-3, Ex. 80), Yardi has not been able to pursue related discovery (including an inquiry as to whether similar communications are still being withheld by PSI), nor has it been provided the opportunity to utilize the WNG Emails in direct opposition to the Motion's central allegations.

Good cause also exists because Yardi was unable to procure the WNG Emails until after Yardi's opposition to the Motion was filed, and as PSI failed to produce the WNG Emails in response to prior relevant discovery requests. Hoke Decl., ¶¶ 5-6. By any measure, Yardi has been denied a full and fair opportunity to oppose the Motion.

Ninth Circuit precedent plainly establishes that requests to continue hearings on summary judgment are routinely granted under similar circumstances. *See Burlington N. Santa Fe. Rail Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003) (citing *Wichita Falls Office Ass'n v. Banc One Corp.*, 97 F.2d 915, 919 n. 4 (5th Cir. 1992) (holding that motions for continuance of a summary judgment "for purposes of discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence"). A particular need to grant such requests exists when dispositive evidence may exist, as it plainly does here. *See Burlington*, 323 F.3d at 774.

PSI failed to timely provide discoverable evidence critical to Yardi's opposition. Yardi must not be deprived of its right to "present facts essential to justify its opposition" to the Motion. Accordingly, Yardi asks that the Court issue an order pursuant to Fed. R. Civ. P. 56(d) deferring consideration of the Motion for a period of 60 days while it is permitted to take limited additional discovery and prepare supplemental briefing in support of its opposition to PSI's Motion.

Alternatively, as the WNG Emails irrefutably create an issue of fact, Yardi seeks denial of the Motion by this Court. Fed. R. Civ. P. 56(d).

## II. PROCEDURAL HISTORY

Yardi and PSI filed a joint integrated brief on PSI's Motion for Summary Judgment in this action on April 15, 2015. Dkt. No. 106-1. Yardi and PSI submitted initial supplements to the Motion on May 7, 2015. Dkt. Nos. 115-116. On May 12, 2015, WNG provided Yardi with the WNG Emails, which directly refute PSI's allegation that Bryant Shoemaker, a Yardi employee, had been made aware of PSI's access to the Voyager software in 2006. Yardi Decl., ¶ 3; MSJ, Dkt. No. 80. On May 15, 2015, the Court ordered supplemental briefing on the limited issue of whether PSI had exceeded the scope of the 2004 and 2006 Non-Disclosure Agreements executed between PSI and Yardi. Dkt. No. 118. On May 21, 2015, Yardi and PSI each submitted supplemental briefing on this limited topic. Yardi filed the WNG Emails with the Court as an exhibit to its brief. Dkt. 120-3, Ex. 80. On May 28, 2015, Yardi and PSI each filed responses to each other's May 21, 2015 briefs. Dkt. Nos. 124, 125. PSI did not present arguments or otherwise address the WNG Emails in its response. Dkt. No. 125. PSI also has refused to confirm to Yardi that PSI has produced everything related to the WNG Emails in its possession or control. Hoke Decl., ¶ 6.

## III. ARGUMENT

### A. Yardi Has Been Wrongfully Prevented From Presenting Facts And Argument Essential To Its Opposition To The Motion.

#### 1. The WNG Emails Unequivocally Concern PSI's Access To The Voyager Database, Not The Voyager Software.

If the non-moving party to a motion for summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," Rule 56(d) authorizes a court to (1) defer consideration of the motion or deny it; (2) allow time for the non-moving party to obtain affidavits

or to take discovery; or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d). Moreover, "summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986). In fulfilling the standards of Rule 56(d), Paragraph VII of this Court's Standing Order requires that good cause be shown for a continuance to be approved.

PSI's Motion for Summary Judgment is predicated on the central premise that Yardi knew or should have known as early as 2006 that PSI had access to Yardi's Voyager software. Dkt. No. 106-1, p. 11-12. Notably, in reference to Voyager, PSI has referred to the terms software and database interchangeably:

> "The evidence . . . establishes that Yardi knew Property Solutions had acquired access to the Voyager program and database from mutual clients as early as 2006. For example, Yardi knew that mutual customer WNG was providing Property Solutions a "new license file" for Voyager as well as access to a Voyager database . . . a license file allows a user to install and operate Voyager."

*Id.* at p. 12.

In support of these allegations, PSI has presented only one piece of documentary evidence – a single e-mail, on which Bryant Shoemaker was copied, stating that WNG would provide PSI with a "license file" (the "License Email"). Dkt. No. 106-17, Ex. 13 p. 2. Despite that the License Email is part of a longer chain in which Shoemaker discusses the sole issue of WNG sending PSI a "current database," PSI asserted in its Motion that the License Email was sent in order to provide PSI with the ability to install and operate the Voyager *software*. *Id.*

The newly-produced WNG Emails directly and unquestionably refute PSI's characterization. For example, in a May 8, 2006 e-mail from PSI CEO David Bateman to WNG's Ken Hodges, Bateman noted that PSI was unable to use the Voyager database it obtained in 2005 because it did not have the "lic file" or license

MEMORANDUM
OF POINTS AND AUTHORITIES                    5                    CASE NO. 2:13-CV-07764-FMO-CW

to operate the Voyager database. Dkt. 120-3, Ex. 80, p. 1109. On June 29, 2006, Bateman sent another e-mail to Hodges, thanking him for the "lic file" and asking for an updated, "fresh copy" of the Voyager database for final testing. *Id.* at 1110. On August 9, 2006, Bateman sent a third e-mail to Hodges requesting yet another updated version of the database. *Id.* at 1111. As part of this e-mail, Bateman emphasized that PSI had contacted Yardi for explicit approval to use the Voyager database, not the Voyager software. *Id.* ("All we need . . . is a test database. We got the thumbs up from Yardi for you to grant us access to it.").

Thus, despite its vigorous argument within the Motion, PSI has not, and cannot produce any evidence supporting that Yardi knew or should have known PSI was accessing the Voyager Software in 2006.

### 2. Yardi Was Not Provided With The WNG Emails Until After It Had Filed Its Substantive Opposition To The Motion.

As noted above, Yardi and PSI filed a joint integrated brief on PSI's Motion for Summary Judgment in this action on April 15, 2015. Dkt. No. 106-1. Yardi denied PSI's allegations regarding PSI's access to the Voyager Software, but was unable to rely on any documentary evidence to do so. Dkt. 106-1, p. 17. On May 7, 2015, Yardi and PSI submitted initial supplements to the Motion. Dkt. Nos. 115-116. Once again, Yardi denied PSI's allegations and argued that PSI had blurred the critical distinction between the Voyager *database* and Voyager *software*. Dkt. No. 116, p. 1-2. Yardi also argued that the term "license file," as referenced in the License Email, did not implicate PSI's access to the Voyager software. *Id.* at 2. Without access to the WNG Emails, however, Yardi could not present the WNG Emails to the Court; thus, it was denied the opportunity to present "facts essential to justify its opposition" to PSI's 2006 inquiry notice argument. Fed. R. Civ. P. 56(d).

On May 12, 2015, WNG provided Yardi with the WNG Emails. Yardi Decl. ¶ 3. Yardi then provided the WNG Emails to the Court on May 21, 2015 as part of limited briefing concerning the 2004 and 2006 Non-Disclosure Agreements

executed between PSI and Yardi. Dkt. No. 120-3, Ex. 80. That same day, PSI ultimately produced the WNG Emails to Yardi, along with duplicates of documents previously produced by PSI in discovery. Hoke Decl. ¶ 5. In doing so, PSI confirmed that the WNG Emails had been in PSI's possession at all times relevant to this litigation. Dkt. No. 124, p. 2, n. 2. PSI's failure to turn over the WNG Emails prior to May 21, 2015 is particularly prejudicial to Yardi in light of relevant discovery requests propounded to PSI by Yardi which should have elicited production of the WNG Emails as early as May 7, 2014. Hoke Decl., ¶ 6, Ex. B.

Yardi's inability to present the WNG Emails as part of its substantive opposition was not due to a lack of diligence; rather, it was directly caused by PSI's failure to timely produce this critical evidence. *See Burlington*, 323 F.3d at 773-74 (holding that motions for continuance of a summary judgment "for purposes of discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence"). Moreover, PSI's actions with respect to production of the WNG Emails suggest that other critical and related information essential to Yardi's opposition may still be in the exclusive possession of PSI. *Anderson*, 477 U.S. at 250 n. 5 ("[S]ummary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition."); *Price ex rel. Price v. Western Res. Inc.*, 232 F.3d 778, 783 (10th Cir. 2000) (holding that a summary judgment movant's "exclusive control of such information is a factor weighing heavily in favor of relief under Rule [56(d)]"). Indeed, PSI *still* has not confirmed that it has produced all information related to the previously withheld WNG Emails in its possession or control. Hoke Decl., ¶ 6. Limited additional discovery focused on this issue is therefore necessary.

Because Yardi was unable to present the WNG Emails as part of its substantive opposition to the Motion, good cause exists to (1) continue the June 11, 2015 hearing on the Motion for 60 days (after the June 15 settlement meeting and

June 18 settlement conference); (2) allow Yardi sufficient time to conduct limited further discovery (including deposition and document discovery against PSI specific to the scope and context of the inquiry notice issue); and (3) allow Yardi the opportunity to present further substantive briefing integrating the WNG Emails and other related evidence obtained through the supplemental discovery process. Fed. R. Civ. P. 56(d). Alternatively, the Court may deny the Motion in its entirety due to the issue of fact created by the conflict between PSI's arguments and the WNG Emails. *Id.*

### B. Yardi Hopes To Elicit Further Evidence Demonstrating PSI's Access To Voyager Was Limited To The Voyager Database.

Well-established Ninth Circuit law promotes continuing hearings to conduct discovery in these circumstances. When a non-moving party requests time to conduct discovery before responding to a summary judgment motion it must show: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortgage Corp.* ("*Family Home*"), 525 F. 3d 822, 827 (9th Cir. 2008) *citing Cal. on behalf of Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F. 3d 772, 779 (9th Cir.1998).

Yardi satisfies all three prongs of the *Family Home* test. As discussed in Section A, *supra*, the WNG Emails demonstrate that if Yardi was aware of any actions by PSI, it would be aware that PSI desired access to the Voyager Database – not the Voyager Software – in 2006. It is also undisputed that PSI failed to produce the WNG Emails to Yardi without good cause for doing so. In light of this late-produced evidence, Yardi hopes to elicit further factual support for its contention that it did not know, nor should have known that PSI had access to the Voyager Software as early as 2006. Hoke Decl. ¶ 7.

Specifically, Yardi seeks leave to elicit further testimony from PSI CEO David Bateman or another knowledgeable individual regarding the context surrounding the License Email, the WNG Emails, and any other communications alleged by PSI to support its claim that Yardi was aware PSI had access to the Voyager Software in 2006.  *Id.*  Additionally, Yardi wishes to issue further written discovery, including but not limited to document requests and interrogatories regarding any communications between PSI and any third-party to this litigation that pertain to or place into context any evidence Property Solutions contends to show that Yardi had knowledge that Property Solutions was accessing the Voyager software or was obtaining and using any Voyager license file to gain access or use of Yardi's Voyager software.  *Id.*  Thus, Yardi has identified specific facts it hopes to elicit from further discovery, satisfying the first prong of the *Family Home* test.

Yardi has also satisfied the second prong of the *Family Home* test, as its lack of knowledge regarding PSI's access to the Voyager Software is a fact that exists, and which can be proven by the WNG Emails.  Further limited discovery on the topics identified above will likely provide additional documents and other evidence supporting and affirming this established fact.

Regarding the third *Family Home* factor, the sought-after facts demonstrating Yardi's lack of knowledge are critical to Yardi's opposition to the Motion; they are necessary to rebut PSI's unsupported arguments regarding when and how Yardi knew about PSI's use of the Voyager Software.  To date, Yardi has not been provided with the opportunity to oppose this argument from PSI through the use of facts and documentary evidence demonstrating it lacked knowledge about PSI's actions.  Yardi must be allowed to prove that an issue of fact exists as to PSI's inquiry notice argument, and it must be allowed to do so through full and fair use of all discoverable facts and evidence available to it.

In short, because (1) Yardi has identified the specific facts it hopes to present as part of its substantive opposition; (2) the facts unquestionably exist; and (3) the

facts are essential to rebut PSI's arguments on Summary Judgment, Yardi must be allowed to pursue further discovery and present the WNG Emails and other related evidence as part of a substantive opposition to PSI's Motion.

### C. It is Well-Established That The Court Should Grant A Continuance Under Rule 56(d) When A Party Faces A Motion For Summary Judgment Before Obtaining Discovery On Essential Theories And Elements Of The Motion.

The WNG Emails and other evidence Yardi expects to elicit through further discovery are critical both to Yardi's prosecution of the case and to its opposition to the Motion. The documents in question not only refute PSI's inquiry notice arguments; they also create an issue ripe for the trier of fact to weigh at trial.

The Ninth Circuit has previously denied summary judgment in circumstances where the non-moving party has been denied the opportunity to gather similarly-critical evidence. In *Burlington*, *supra*, the Ninth Circuit reversed a grant of Summary Judgment with respect to an issue in dispute on the basis that documentation and/or witness testimony was necessary to allow the defendant to establish a genuine issue of material fact. 323 F. 3d at 773-774. Relying upon the language of Rule 56(d) (formerly Rule 56(f)), the court noted that the defendant had not been provided with the opportunity to conduct discovery due to the timing of the summary judgment motion brought by the plaintiff. *Id.* at 774 ("Especially where, as here, documentation or witness testimony may exist that is dispositive of a pivotal question . . . lightning-quick summary judgment motions can impede informed resolution of fact-specific disputes.")

The *Burlington* court further explained that, as a general rule, courts should grant a continuance on a hearing of a motion for summary judgment where the non-moving party meets its burden to show that it has not had the opportunity to gather and present essential information and argument. *Id.* at 774 *citing VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.,* 784 F. 2d 1472, 1475 (9th Cir. 1986) ("[T]he

denial of a Rule 56(f) application is generally disfavored where the party opposing summary judgment makes (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists."); *see also Perrin v. Southwest Water Co.,* CV 08-7844 DMG AGRX, 2014 WL 1643646, at *2 (C.D. Cal. Apr. 22, 2014) (ordering a two-month stay of the defendants' motion for summary judgment in order to allow the plaintiffs to pursue the discovery identified by declaration and relevant to oppose the motion); *see also Signal Products, Inc. v. Am. Zurich Ins. Co.*, 2:13-CV-04581-CAS, 2013 WL 6814847, at *8-10 (C.D. Cal. Dec. 19, 2013) (deferring consideration of the plaintiff's motion for partial summary judgment because the defendants "could not rely on facts produced in discovery when preparing their opposition" due to the timing of the motion, and because "further factual development may be appropriate to ensure that this Court's consideration of Signal's motion is based on a full understanding of the relevant facts").

In the instant litigation, Yardi was unable to obtain critical evidence – including evidence it expects to elicit through further discovery – prior to filing its substantive opposition to PSI's Motion. Accordingly, the June 11, 2015 hearing on PSI's Motion should be continued, and Yardi should be provided the opportunity to pursue further discovery and briefing on these limited topics. *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001), *citing Anderson*, 477 U.S. 242, 250, n. 5 ("[T]he Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the non-moving party has not had the opportunity to discover information that is essential to its opposition.'").

### D. PSI's Motion Should Be Denied Based on Its Discovery Conduct in Failing To Provide Relevant Evidence To Yardi.

As an alternative to continuing the June 11, 2015 hearing and allowing Yardi to pursue supplemental discovery and briefing, this Court has the discretion to simply deny PSI's Motion in its entirety. Fed. R. Civ. P. 56(d) ("If a nonmovant

shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or ***deny it***) (emphasis added); *see also United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir.2002) ("[L]itigants [may] avoid summary judgment when they have not had sufficient time to develop affirmative evidence.")

Given (1) the issue of fact plainly created by the WNG Emails; (2) PSI's failure to produce the WNG Emails to Yardi until May 21, 2015; (3) Yardi's reasonable expectation that additional evidence in support of its position will be elicited through further discovery, the Court would be well within its authority under Fed. R. Civ. P. 56(d) to simply deny the Motion. PSI withheld evidence from Yardi until after Yardi had completed its substantive opposition to the Motion. Indeed, even then, PSI did not produce the documents until confronted by Yardi with copies of the WNG Emails obtained from a third-party source, and still refuses to confirm it has produced all information relevant to this topic. Hoke Decl. ¶¶ 4-6.

But for WNG's third party production, Yardi may never have seen the WNG Emails and other evidence yet to be produced. PSI's behavior casts significant questions upon its Motion and the arguments it has presented in support, and the WNG Emails themselves create an evident issue of fact central to the Motion's arguments. Because PSI is directly responsible for denying Yardi access to relevant and admissible evidence, it must bear the consequences of that choice. Denial of the Motion is a proper remedy.

## IV. CONCLUSION

Yardi has been wrongfully denied the opportunity to present evidence central to the adjudication of PSI's Motion. Moreover, PSI must not be allowed to profit from its withholding of evidence and violation of its discovery obligations.

Accordingly, Yardi respectfully requests that the Court grant its *ex parte* application to continue the hearing on the Motion for sixty (60) days in order to

1  allow for limited supplemental discovery and briefing, or to continue the hearing to
2  such time as the Court deems appropriate under the circumstances.
3       Alternatively, as the new evidence creates an issue of fact central to the
4  theory upon which PSI's Motion is based, Yardi respectfully requests that the Court
5  deny PSI's Motion *in toto*.

Dated:   June 3, 2015

Brownstein Hyatt Farber Schreck, LLP

/s/ *Michael D. Hoke*
Margo J. Arnold
John V. McDermott (*Pro Hac Vice*)
Lawrence W. Treece (*Pro Hac Vice*)
Van Aaron Hughes (*Pro Hac Vice*)
Michael D. Hoke (*Pro Hac Vice*)
*Attorneys for Plaintiff*
Yardi Systems, Inc.